UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA

CARDINAL TOWING, INC., ET                CIVIL ACTION
AL.

VERSUS                                   NO: 06-10829

COOPER/T. SMITH CORP., ET                SECTION: "A" (1)
AL.

                           **ORDER AND REASONS**

    Before the Court is a **Motion for Summary Judgment (Rec. Doc. 6)** filed by defendants Cooper T. Smith Corporation, CGB Enterprises, Inc., and Consolidated Grain and Barge, Inc. ("Defendants").  Plaintiff, Cardinal Towing, Inc. ("Cardinal"), opposes the motion.  The motion, set for hearing on August 8, 2007, is before the Court on the briefs without oral argument.  For the reasons that follow, the motion is DENIED.

**I. BACKGROUND**

    Cardinal filed the instant complaint to recover cleaning fees and demurrage in conjunction with the letting of the unmanned and unpowered Hopper Barges, WTT 8308B and SJT 149 ("the

Barges"). Cardinal alleges that its agent, McCallie Marine Services, LLC, entered into an agreement with Defendants for the letting of the barges for the purpose of transporting a cargo of anode butts. Cardinal claims that the barges were delivered in good order and condition but that after the cargo was discharged the barges required cleaning in excess of the $500 allowed in the agreement and had to be on demurrage in excess of the six days allowed in the agreement. Cardinal, as owner, owner pro hac vice, charterer and/or operator of the barges, is seeking $35,783.94 in cleaning fees and demurrage as provided in the agreement.

Defendants move for summary judgment arguing that Cardinal's claims are contractual in nature yet Cardinal was never a party to any agreement with Defendants.

**II. DISCUSSION**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a

2

reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. Id. (citing Anderson, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

  The "agreement" was memorialized by a sales confirmation prepared by Don R. McCallie of McCallie Marine Services, LLC. (Def. Exh. B). The confirmation states that McCallie is agent for J & W Equipment, LLC. Cardinal is never mentioned. However, McCallie claims that when he made the sale he was also acting on behalf of Cardinal. (Oppo. Exh. A). In Louisiana, an undisclosed principal, upon the revealing of his identity, has the right to bring suit to enforce a contract directly against the party who contracted with his agent. Woodlawn Park Ltd.

3

Partner. v. Doster Constr. Co., 623 So. 2d 645, 647 (La. 1993). Therefore, Defendants are not entitled to judgment as a matter of law.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 6)** filed by defendants Cooper T. Smith Corporation, CGB Enterprises, Inc., and Consolidated Grain and Barge, Inc. is **DENIED.**

October 29, 2007

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE